UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| GARY J POTTER AND | CIVIL ACTION |
| MELISA C. POTTER | |
| | NO. 18-11116 |
| VERSUS | |
| | SECTION M (1) |
| OCHSNER MEDICAL CENTER – | |
| KENNER, L.L.C., AND | |
| OCHSNER CLINIC FOUNDATION | |

**ORDER & REASONS**

Before the Court is a motion for partial dismissal filed by defendants Ochsner Medical Center – Kenner, L.L.C. and Ochsner Clinic Foundation (collectively "Ochsner"),[1] to which plaintiffs Gary J. Potter ("Gary Potter") and Melisa C. Potter ("Melisa Potter") (collectively "Plaintiffs") filed an opposition,[2] and in further support of which Ochsner replies.[3] Having considered the parties' memoranda and the applicable law, the Court issues this Order & Reasons.

I.     BACKGROUND

This matter concerns claims of discrimination based on disability. Plaintiffs are a married couple from Baton Rouge who have both been profoundly deaf since birth.[4] American Sign Language ("ASL") is their native language and primary means of communication.[5] Melisa Potter has limited proficiency in lip-reading and can use her voice when necessary.[6] Gary Potter cannot do either.[7] Plaintiffs both have a limited ability to read and write in English.[8]

---

[1] R. Doc. 5.
[2] R. Doc. 8.
[3] R. Doc. 11.
[4] R. Doc. 1 at 2-4.
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*

1

On November 16, 2017, Melisa Potter was admitted to Ochsner for a gastric bypass revision procedure to be performed by Dr. James B. Wooldridge, Jr. ("Dr. Wooldridge"), a bariatric surgeon who practices at Ochsner in Kenner.[9] Melisa Potter requested that an ASL interpreter be present from her admission, and throughout her hospital stay, to facilitate communication between the hospital staff and Plaintiffs.[10] Ochsner provided an ASL interpreter for Melisa Potter's pre-admission check-in process beginning at 10:30 a.m. on November 16, 2017, up until 3:00 p.m. that day.[11] Plaintiffs allege that Ochsner did not provide any more ASL interpreters during the remainder of Melisa Potter's three-day hospital stay or for her discharge instructions on November 18, 2017.[12]

On November 16, 2018, Plaintiffs filed this action alleging that Ochsner discriminated against them by failing to provide a reasonable accommodation in the form of an ASL interpreter.[13] Plaintiffs allege claims for disability discrimination under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1281; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; and Section 1557 of the Patient Protection and Affordable Care Act ("ACA"), 42 U.S.C. § 18116.[14] Plaintiffs seek damages and attorneys' fees, along with injunctive relief prohibiting Ochsner from discriminating against them in the future and declaratory relief stating that Ochsner's policies, procedures, and practices subjected Plaintiffs to unlawful discrimination.[15]

---

[9] *Id.*
[10] *Id.* at 5.
[11] *Id.*
[12] *Id.* at 5-6.
[13] *Id.* at 18.
[14] *Id.* at 1-2 & 12-19.
[15] *Id.* at 19-22.

## II. PENDING MOTION

Ochsner filed the instant motion seeking dismissal of Plaintiffs' requests for injunctive and declaratory relief.[16] Ochsner argues that Plaintiffs do not have standing to pursue their claims for injunctive and declaratory relief because there is no real and immediate threat of future harm; specifically, Plaintiffs have not alleged concrete, particularized, and credible plans to return to Ochsner.[17] Plaintiffs have not alleged that they have returned to Ochsner since November 2017, nor have they alleged that Melisa Potter has any scheduled appointments or definite need for future treatment at the facility.[18] Ochsner also argues that Plaintiffs' allegation that an ASL interpreter will not be provided to them in the future is too speculative.[19]

Plaintiffs argue that they have alleged enough facts to establish standing for their claims for injunctive and declaratory relief.[20] They contend that it is sufficient that they alleged that Melisa Potter will seek medical treatment at Ochsner at some point in the future because that is where Dr. Wooldridge practices, and that Gary Potter will accompany her.[21] Plaintiffs further argue that Ochsner's failure to provide an ASL interpreter in the past demonstrates that there is a great likelihood that the violation will reoccur.[22]

## III. LAW & ANALYSIS

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A district court may dismiss a matter pursuant

---

[16] R. Doc. 5.
[17] *Id.* at 3-8.
[18] *Id.*
[19] *Id.* at 5-7; R. Doc. 11 at 5. However, because Ochsner maintains that Plaintiffs' belief that around-the-clock interpreter services are required is not well founded, *id.* at 5-6 n.4; R. Doc. 11 at 5, it is likely that Ochsner would not provide the services at all times Plaintiffs expect. The Court is not now ruling on the merits of the parties' positions on this point, but the positions make clear that Plaintiffs' allegations that they will be wronged again by the denial of interpreter services are necessarily more than "conclusory supposition."
[20] R. Doc. 8.
[21] *Id.* at 5.
[22] *Id.* at 6.

to Rule 12(b)(1) "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id*. (quotation omitted). With respect to a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exist. *Ramming*, 281 F.3d at 161.

Article III of the Constitution requires a litigant to have standing to bring a matter in federal court. "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of a particular issue." *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and the claims must be dismissed. U.S. Const. art. 3, § 2, cl. 1. Constitutional standing is an element of subject matter jurisdiction that may be challenged under Rule 12(b)(1). *Moore v. Bryant*, 853 F.3d 245, 248 (5th Cir. 2017).

Standing has constitutional and prudential requirements. Standing, at its "irreducible constitutional minimum," requires a plaintiff to demonstrate that: (1) he has suffered an "injury-in-fact"; (2) the injury is fairly traceable to the defendant's actions; and (3) that the injury will likely be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). In *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1549 (2016), the Supreme Court held that "Article III standing requires a concrete injury even in the context of a statutory violation." An "injury-in-fact" is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Webb v. City of Dall.*, 314 F.3d 787, 791 (5th Cir. 2002).

In this case, Plaintiffs allege that Melisa "Potter will seek Ochsner's healthcare services in the future, whether by choice or necessity, [and] she will become a patient at Ochsner … due to her ongoing need for future medical care with Dr. James B. Wooldridge, Jr., Ochsner Bariatric

4

Surgeon, in connection with her Gastric Bypass procedure and future weight loss medical procedures and treatment."[23] Plaintiffs also allege that Dr. Wooldridge is a specialist in bariatric surgery and only practices at Ochsner.[24]

Although Plaintiffs do not allege a specific date and time of an anticipated future visit to Ochsner, they have alleged enough facts to establish standing for their claims for injunctive and declaratory relief. Plaintiffs have alleged an injury traceable to Ochsner's alleged failure to provide an ASL interpreter, which would be redressed by a favorable decision. Further, they have alleged both that Ochsner discriminated against them in the past based on their disability and that they will visit the hospital again because Dr. Wooldridge is Melisa Potter's treating physician for bariatric issues and he practices solely at Ochsner. *See Smith v. Ocshner Med. Ctr.-Westbank, L.L.C.*, 2019 WL 296860, *4-5 (E.D. La. Jan. 23, 2019); *see also Naiman v. New York Univ.*, 1997 WL 249970, at *5 n.4 (S.D.N.Y. May 13, 1997) (standing is established if a plaintiff can allege that he or she suffers from a recurring medical condition that would cause him or her to seek the particular hospital's services, as opposed to those of some other hospital).[25] Given the likelihood that Melisa Potter will be seeking treatment from Dr. Wooldridge at Ochsner, and that Gary Potter will accompany his wife and need to speak with doctors and other medical personnel, Plaintiffs have standing to pursue injunctive and declaratory relief.

## IV. CONCLUSION

Accordingly, IT IS ORDERED that Ochsner's motion to dismiss Plaintiffs' claims for injunctive and declaratory relief is DENIED.

---

[23] R. Doc. 1 at 12.
[24] *Id.* at 4.
[25] The cases Ochsner cites for the proposition that allegations of future hospital visits are insufficient to maintain standing are distinguishable. Each involved emergency visits that did not entail the likelihood for future visits that a recurring or ongoing medical condition entails.

New Orleans, Louisiana, this 28th day of March, 2019.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE